Johnson, J.
The judgments below are to the effect that the partnership liability to Thomas must first be paid, although Page had acquired a statutory lien, by judgment on individual claims.
The conceded facts of the case are: First, that the statutory lieu of Page’s first judgment attached to the lot in controversy as early as January, 1871, and of the second judgment as early as April 15,1875. At those times, and until June 10, 1875, the legal title to said lot was in Benjamin E. Smith'and John F. Bartlit. Second, that the said lot was purchased with the funds of the partnership, for partnership purposes, and was actually used in and for the benefit of the partnership business of said firm of Bartlit & Smith. Third, that'the two judgments of Page were *42 not partnership liabilities of said firm, but that the judgment of Thomas was such a firm liability.
For the purposes of this decision, we will assume, without deciding, that the note taken by Thomas, December 22, 1875, for $10,000, in' lieu of certificates of the firm for like amount, was the commencement of the firm liability to Thomas.
We then have a case wherein the statutory liens antedate the partnership liability to Thomas, and the question is, which has priority ?
At the time these statutory liens attached, the partnership was a going concern, and so continued until March 16, 1876, when it terminated with the -death of John F. Bartlit, at which time it was insolvent, the assets being insufficient to pay the partnership liabilities.
The legal title to this lot at the time Page’s statutory liens attached was, in equity, held in trust for the benefit of the partnership. It was afterward conveyed to Henry Miller by deed, absolute upon its face, but his claim, -whatever it was, had been satisfied, and he, it is conceded, is a mere holder of the legal title.
He, therefore, holds it under a like trust.
Counsel for Page concede that if Thomas’ claim antedated his liens, the former would be entitled to priority, but they claim that a subsequent partnership liability during the continuance of the firm can not have such priority.
Though there are other questions in the case on which we think the court below did not err, we have reserved this single question for report.
Upon the general question of the equities of partnership and individual creditors nothing need be said, as the rule is too well settled to admit of discussion; that, in ease of the insolvency of the partnership, its assets must first be applied to the satisfaction of partnership liabilities, and while the individual interest of each partner is liable to seizure upon execution by his separate creditors, yet that each partner holds his interest in the joint property subject to a trust, for the partnership creditors, and the claims of his *43 several copartners, so that the beneficial interest of each is his residuary share after the partnership accounts are all settled and the rights of parties inter sese adjusted. The levy or lien acquired by the separate creditor only holds this beneficial interest. The statutory liens of Page acquired in 1871 and 1875 reached this beneficial interest only, subject to the trust stated. Had Page at those dates commenced actions to ascertain that interest and to have it subjected to the payment of his judgments, the- residuum, after winding up the partnership, if he then had the right to wind it up, would have been the share of Bartlit & Smith in said lot, after all partnership claims were settled.
He did not do this, but permitted the partnership to continue, subject to all the hazards of the business and to all the prospects of gain by reason of its continuance. Until the mutual relations of the partners, and the trust incident thereto, are lawfully terminated, the property is subject to the rights of partners, and their creditors, to have the same devoted to its mses. In the case at bar, this relation was terminated by the death of Bartlit in 1876.
In the meantime the partnership liability to Thomas was incurred; Page’s lien, therefore, was a lien upon the legal title of property held in trust for other purposes than to pay the individual debts of the joint owners. Whether those debts had their origin before the date of his liens, or afterward, while the property was being used and held to carry out the object of the trust, is immaterial, as the benficial interests of the separate partners is only that which remains at the termination of the trust and after all partnership liabilities are adjusted. The trust being of a continuing nature, this beneficial interest can not be determined until the trust is determined. Neither partner has any distinct interest that he can call his individually, until that beneficial interest is ascertained, and a separate creditor, by statutory lien or by seizure, can acquire no greater interest than the partner has.
We hold, therefore, that the lien of the Page judgments *44 is subordinate to the equity of Thomas to subject the partnership assets to the payment of his partnership claim, although it may have accrued since said liens attached.
In Norwalk National Bank v. Sawyer, 38 Ohio St. 399, it was held that: “ Land purchased with partnership funds, and occupied and used by the firm in conducting its business, is partnership property, although the conveyance is made to the individual members of the firm; and a third person having knowledge of such facts, who takes from one of the partners a mortgage on his undivided interest in such land to secure the individual debt of such partner, will be postponed to the lien of a firm creditor whose debt accrued subsequently to the execution of such mortgage.”
That case holds that although a mortgagor is a purchaser and entitled to the protection of a bona fide purchaser where he acts without notice of the fact that it is partnership property, yet where he has such notice, his mortgage is subordinated, not only to debts existing at the time the mortgage took effect, but also those arising subsequent to the date of the mortgage.
The statutory lien of Page does not give rise to any question as to the rights of a bona fide purchaser; by such lien or by levy the judgment creditor acquires only the interest of his debtor in the premises.
While, therefore, a mortgagee without notice, finding the legal title in the names of the individual partners, lends money and takes a mortgage on the premises, will be protected as a bona fide purchaser, a judgment creditor can make no such claim.
Lovejoy v. Bowers, 11 N. H. 404, is directly in point: That was the case of a mortgage'by one partner to secure his separate debt, of “ one undivided half, being all his right, title, interest, and share” in certain partnership property ; followed by a seizure of the property mortgaged, some eighteen months thereafter, to satisfy partnership liabilities. Some of the executions against the partnership, upon which the seizure was made, were founded on claims which accrued *45 prior to the mortgage, and some arose subsequent. Thd mortgagee knew it was partnership property when he took his mortgage. The partnership having continued after the mortgage, the court say: “We have no means of ascertaining what the surplus might have been when the mortgage was made. There might then have been nothing. All the property now taken by the subsequent creditors may in fact have been supplied by them, or have been derived from profits on contracts made with them, and in that case they have taken nothing to which., the plaintiff would have been entitled at the time his mortgage was made. Considered as a mortgage of the interest of one partner in the partnership property, and admitting that such a mortgage might be valid as between the parties, the mortgagee, having permitted the mortgagor to continue the business, could only be entitled to such surplus as might remain after the payment of the partnership debts, whether contracted before or after the execution of the mortgage. He-could stand in no better situation than the mortgagor in this respect.”
Jones on Mortgages, section 120, and cases there cited.
Eor reasons equally cogent, the same rule applies as between liens of separate creditors on partnership property, and partnership creditors whose claims accrue during the continuance of the partnership, whether prior or subsequent to such liens. Receivers v. Godwin, 1 Halsted’s Ch. 334; Parsons on Partnership, *167 and note (q), also Chap. X, section II and notes ; 1 Lindley on Partnership, * 295 and notes; Story on Partnership, sections 263 and 274 and notes.

Judgment affirmed.